In the Matter of Dooley, Smith & Co.


# IN THE MATTER OF DOOLEY, SMITH & COMPANY, Bankrupts.

San Juan, Bankruptcy, No. 101.

### On Allowance of Attorneys' Fees.

**Bankruptcy—Receiver's Attorney.**

1. The receiver's agent looking after property at a distance from him is authorized to employ an attorney to advise him in cases where there is doubt. Such a representative is not bound to act as attorney.

**Attorney's Fee—Ancillary Court.**

2. Where provisional services were rendered to the agent of receivers appointed by the primary court in another jurisdiction, but in a place within the jurisdiction of the court subsequently of ancillary jurisdiction, the questions connected therewith are to be settled by the court of ancillary jurisdiction. This court will not send a party 1,500 miles away to prosecute a claim which it can properly adjudicate.

**Attorney's Fee—Representative of Receiver.**

3. When the receivers accept the action of their representative at a distant place without question, they accept also the services previously rendered to the representative by a local attorney, and must pay therefor.

**Attorney's Fee—Receivers' Representative.**

4. Such attorneys' fees can cover only what was rendered to the representative in such representative's capacity, and do not relate at all to services rendered to him individually.

Opinion filed April 19, 1915.

*Mr. Louis Banigan* for trustees.

*Mr. H. H. Scoville pro se.*

In the Matter of Dooley, Smith & Co.

HAMILTON, Judge, delivered the following opinion:

This matter comes up upon a petition of H. H. Scoville against the receivers of Dooley, Smith, & Company, and sets up that the beginning of the present proceedings was in New York about January 29th of the year in question, and that these receivers at that time cabled Mr. Dooley, of the supposed insolvent firm, to take charge and manage things for them. That Mr. Dooley in connection with that cable did consult Mr. Scoville on different legal matters affecting the trust.

All parties confess that the line of demarcation of the services under the circumstances, as to whether they were rendered to Dooley, Smith, & Company or to Mr. Dooley himself on the one side, or for the benefit of the receivership on the other, is difficult to draw, but the petitioner insists that there is a line, and that he did render services which were a benefit to the trust before February 7th, when the regular attorney of the receivers or trustees came to Porto Rico.

1. Assuming the fact, for the purposes of this discussion, that services were so rendered to a legal representative of these trustees or receivers before any papers were filed in this court, the question is, Has this court any power to allow compensation for those services? The question of fact as to what services were rendered, if any, would be another matter. There can be no question in the mind of the court that anybody, whether his name was Dooley or Smith or Jones, deputed to represent the trustees or receivers during those eight days, had an arduous position to fill. It was a very anomalous position. It has come up before this court incidentally. The whole proceeding has been anomalous. To this day there are anomalies

In the Matter of Dooley, Smith & Co.

about it, and the court does not think that such a representative should be called upon to act as a representative and as an attorney for the trust at the same time. Such a ruling would simply mean that a layman must act as attorney in a very important matter and with the result that he could not act properly and that the trust would suffer. So the court does not think, in the first place, that Mr. Dooley should be held to be the receiver's attorney under those circumstances, but that he should have power, and should be considered as having power, to consult counsel. That is the first question.

2. The second would be this. All that was done was done before this court took jurisdiction, and, conceding the first point, there would still be the question as to who should pass upon the question of jurisdiction, whether it would be the court of primary jurisdiction under which the receivers were acting at that time and which gave the order, or the court down here, —of ancillary jurisdiction, so far as the technicality of the law is concerned, but of primary importance because the bulk of the estate is down here and came under the jurisdiction of this court, and never has got under the jurisdiction of the primary court except through this court. The question is, Which of those two forums would be the proper one in which Mr. Scoville should apply? That is not without its difficulties, but this court has on a number of occasions—and I think properly—held that where there is any doubt, it will not send a litigant away from this forum to seek a remedy in another, that it will resolve doubts in favor of the people within its jurisdiction. It seems to me that this is the proper course,— not to assume jurisdiction, but, at the same time, if there is fair ground for jurisdiction, not to send a party 1,500 miles

away to prosecute perhaps a small claim of a few hundred dollars. In point of fact, that is the court's disposition and will be acted on.

3. In the third place, there would be this: The receivers, after these services were rendered, came down here and, on the 7th of February practically adopted what had been done by their representative, Mr. Dooley. They took the property over from him, and, so far as this court is advised, have never criticized what he did as their representative. There are suits. now pending between them, but in these there is no reference to those services. They relate to the individual liability *vel non* of Mr. Dooley in other connections entirely. So that when they took over the property which had been administered by Mr. Dooley in their name and in their behalf, it would be a ratification of what had been done by and on behalf of that temporary administration. I have no official knowledge one way or the other, of course, but it seems to me that when they come into this court, as they have done, and ask this court to administer the property, they cannot draw a line and say that they will not pay for what was already done in their behalf. And the argument this morning being in the nature of a demurrer, what was done before they actually put foot on the Island must be admitted to have been properly done. They cannot repudiate what has been done, of which they have received the benefit. It seems to me that this is true as a matter of equity, and the bankruptcy law is to be administered according to the rules of equity, except so far as other regulations are prescribed by law. So that it would seem that the receivers. have adopted the services of Mr. Scoville just as they adopted everything else that Mr. Dooley has done, and they will be held to have done so.

4. The next point, however, is one that the court cannot undertake to decide, that is to say, as to what services were rendered, and I would rather not stop the hearing of the docket this morning to take that up. There may be other close questions. What Mr. Dooley wanted to know for his own protection is one thing. He has to pay for that. What he did as representative of these receivers would be another thing. That would be a proper basis for a charge, I think, against the fund, and, unless you gentlemen can agree upon the proper amount, I would refer that to the special referee to ascertain and report. I think that would be the proper way, and you may waive the time for exceptions if you wish, so that I could pass upon the matter at any time.